947 F.2d 953
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Sharel M. JOHNSON, Plaintiff-Appellant,
v.
Donald B. RICE, Secretary of the Air Force, United States
Department of the Air Force, Defendant-Appellee.
 No. 90-6356.
 United States Court of Appeals, Tenth Circuit.
 Oct. 24, 1991.
 
 Before McKAY, Chief Judge, and SEYMOUR and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 McKAY, Circuit Judge.
 
 
 1
 The parties have agreed that this case may be submitted for decision on the briefs. See Fed.R.App.P. 34(f); 10th Cir.R. 34.1.2. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff brought this action pursuant to the Fed.R.App.P. 4(b) and 28 U.S.C. § 1291 against her employer, the Secretary of the Air Force, alleging racial discrimination in failure to promote. Fairly read, her first amended complaint states discrimination in failure to promote her to the position of GS-2005-06. On motion for summary judgment by the Secretary, plaintiff confessed the essential facts which defeated her claim for discriminatory refusal to promote her to the position of GS-2005-06. The court therefore granted summary judgment.
 
 
 3
 On motion for reconsideration, plaintiff urged the trial court that there was an issue of material fact concerning the failure of the Secretary to promote plaintiff to the position of GS2005-05. The trial court concluded that the GS-05 supply clerk position had not been included in plaintiff's complaint. On appeal plaintiff urges that at least opaquely in her complaint, directly in her response to motion for summary judgment on the GS-06 position, and in her complaint before the EEOC she had raised the issue of her nonpromotion to the GS-05 position. The trial court held that her complaint could not be reasonably read to have raised the GS-05 issue and that raising it for the first time in a response to a motion for summary judgment was too late. The trial court apparently treated the response to the motion for summary judgment in effect as an attempt to amend the complaint.
 
 
 4
 We are satisfied that the trial court reasonably construed plaintiff's first amended complaint to allege no more than an attack on the failure to promote her to the GS-06 position. In treating her attempt to raise the GS-05 position in her answer to the motion for summary judgment as an attempt to further amend her complaint we review the trial court's decision under an abuse of discretion. Foman v. Davis, 371 U.S. 178, 182 (1962); First City Bank v. Air Capitol Aircraft Sales, Inc., 820 F.2d 1127, 1132 (10th Cir.1987). As those two cases indicate, refusal to permit an untimely amendment is almost never an abuse of discretion. That is particularly true in this case where the amendment would have been futile in any event. The facts confessed in connection with the motion for summary judgment on the GS-06 position also establish that plaintiff was not qualified for the GS-05 position. We therefore conclude that it was not an abuse of discretion for the trial court to refuse to permit an amendment to raise the GS-05 position.
 
 
 5
 AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3